IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT DALE PUCKETT, | ) |
| Plaintiff, | ) Case No. CV-05-409-E-BLW |
| v. | ) **MEMORANDUM DECISION AND ORDER** |
| D.L. EVANS BANK CO., and JOHN EVANS JR., President, | ) |
| Defendants. | ) |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss (Docket No. 4), Plaintiff's Motion for Voluntary Dismissal (Docket No. 6), Plaintiff's Motion for Meeting (Docket No. 13), Plaintiff's Motion for Summary Judgment (Docket No. 14), Plaintiff's Motion for Meeting (Docket No. 15), and Plaintiff's Motion for Summary Judgment (Docket No. 16).

## ANALYSIS

Federal Courts are courts of limited jurisdiction.  This Court lacks jurisdiction in this matter unless there exists a federal question or diversity of

**Memorandum Decision and Order - 1**

citizenship between Puckett and Defendant, D.L. Evans Bank Co.[1]

For a case to qualify for diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship between the parties opposed in interest. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Puckett fails to assert diversity jurisdiction in his Complaint. Moreover, on the face of the record before the Court, it appears that Puckett is an Idaho citizen and that D.L. Evans Bank Co. is an Idaho company with its principal place of business in Idaho. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See id*. Thus, there is no basis for diversity jurisdiction in this matter.

With regard to federal question jurisdiction, Puckett asserts jurisdiction based upon the Idaho Code, the Fourteenth Amendment, and 28 U.S.C. § 1343. None of these properly form the basis for federal question jurisdiction in this matter.

First, the Idaho Code clearly does not establish federal question jurisdiction. Second, in order to make a colorable claim under the Fourteenth Amendment, a

---

[1] Plaintiff has filed a motion to voluntarily dismiss Defendant John Evans, Jr., which this Court will grant in this Order. Thus, Defendant D.L. Evans Bank Co. is the only remaining defendant in this matter, and the diversity jurisdiction question does not involve John Evans, Jr.

**Memorandum Decision and Order - 2**

plaintiff must allege some form of state action.  The Fourteenth Amendment only confers jurisdiction when state action is involved.  *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982); *see also Martin v. Pacific Northwest Bell Telephone Co.*, 441 F.2d 1116, 1118 (9th Cir. 1971).  Nowhere in his Complaint does Puckett allege any type of state action.

Finally, 28 U.S.C. § 1343 does not create separate rights and federal jurisdiction itself.  Instead, the statute confers a remedy for enforcement of rights arising under the Constitution or federal law.  Puckett's Complaint shows no violation of rights under federal law.  Thus, 28 U.S.C. § 1343 confers no federal question jurisdiction in this matter.

Accordingly, the Court will grant Defendant's Motion to Dismiss.  The Court will grant the motion without prejudice, and shall give Plaintiff 30 days from the date of this Order to file an amended complaint.  If Plaintiff chooses to file an amended complaint, the Court advises Plaintiff that he must assert proper diversity or federal question jurisdiction in line with the reasoning set forth above.  Otherwise, the Court will enter judgment in favor of Defendant.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 4) shall be, and the same is hereby, GRANTED.  Plaintiff

**Memorandum Decision and Order - 3**

shall have 30 days from the date of this Order to file an amended complaint.

IT IS FURTHER ORDERED that Plaintiff's Motion for Voluntary Dismissal (Docket No. 6) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Meeting (Docket No. 13) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 14) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Meeting (Docket No. 15) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 16) shall be, and the same is hereby, DEEMED MOOT.

DATED: **December 1, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 4**