IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT DALE PUCKETT,<br><br>       Plaintiff,<br><br>v.<br><br>D.L. EVANS BANK CO.,<br>and JOHN EVANS JR., President,<br><br>       Defendants. | Case No. CV-05-409-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Correct Judgment (Docket No. 18), Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 19), and Defendant's Motion for Entry of Judgment Pursuant to the Court's Memorandum Decision and Order (Docket No. 20).  The Court has determined that oral argument will not assist the Court with its decision on these motions.  Accordingly, the Court will decide the motions based on the briefs.

## ANALYSIS

On December 2, 2005, the Court granted Defendant's Motion to Dismiss (Docket No. 4), but gave Plaintiff 30 days from the date of this Order to file an

**Memorandum Decision and Order - 1**

amended complaint.  In its Order, the Court determined that there is no basis for diversity jurisdiction in this matter, and that Plaintiff's assertion of federal question jurisdiction based upon Idaho Code, the Fourteenth Amendment, and 28 U.S.C. § 1343 were not valid bases for the Court's jurisdiction.  Therefore, the Court informed Plaintiff that if he chose to file an amended complaint, he must assert proper diversity or federal question jurisdiction in line with the reasoning set forth in the Court's December 2 Order, or the Court would enter final judgment in this matter.

On December 13, 2005, Plaintiff filed his Motion to Correct Judgment and his Motion for Leave to File Amended Complaint.  The next day, Defendant filed its Motion for Entry of Judgment.

Because the Court had already granted Plaintiff the authority to file an amended motion, Plaintiff's Motion for Leave to File and Amended Complaint was unnecessary.  Regardless, the Court will grant the motion and deem the Amended Complaint attached to that motion filed.

In his Amended Complaint, Plaintiff adds Federal Rule of Civil Procedure 9(b) as his basis for jurisdiction.  Rule 9(b) does not confer jurisdiction on this Court.  Rather, Rule 9(b) sets forth the standard for asserting allegations of fraud, mistake and condition of the mind.  Thus, Plaintiff has failed to assert diversity or

**Memorandum Decision and Order - 2**

federal question jurisdiction, and the Court will enter final judgment in favor of Defendant in this matter.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Correct Judgment (Docket No. 18) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 19) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the Amended Complaint attached to Docket No. 19 is DEEMED FILED.

IT IS FURTHER ORDERED that Defendant's Motion for Entry of Judgment Pursuant to the Court's Memorandum Decision and Order (Docket No. 20) shall be, and the same is hereby, GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

DATED:  **May 16, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 3**